**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 97-CV-1308-WDM (Consolidated with cases numbered:  97-CV-1435, 97-CV-1446, 97-CV-1514, 97-CV-1562, 97-CV-1574, 97-CV-1609, 97-CV-1610, 97-CV-1619, 97-CV-1644, 97-CV-1680, 97-CV-1701, 97-CV-1711, 97-CV-1731, 97-CV-1812, 97-CV-1815, 97-CV-1822, 97-CV-1838, 97-CV-1891, 97-CV-1997, 97-CV-2321, and 98-CV-498)

*In re* BOSTON CHICKEN, INC. SECURITIES LITIGATION

**PRELIMINARY APPROVAL ORDER**

This matter is before me on the application of plaintiffs and Scott Beck and Mark Stephens ("settling defendants") for an order preliminarily approving the Settlement of the Litigation in accordance with the Stipulation of Settlement dated July 23, 2004 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for the proposed Settlement of the Litigation and for dismissal of the Litigation as against the "Settling Defendants," with prejudice.  A hearing was held on the application and defendant Nadhir's objection thereto on May 25, 2005.  After review of the file and consideration of the arguments of the parties I find and conclude that the settlement should be preliminarily approved and defendant Nadhir's objections overruled.

It is therefore ordered:

1. Motion for a preliminary approval order (Docket no. 338) is granted.

2. The terms defined in the Stipulation are incorporated herein.

3. The (i) Beck settlement of the Litigation for the amount of $896,205.91 plus accrued interest and (ii) Stephens settlement of the Litigation for the amount of $1,283,333.00 plus accrued interest are preliminarily approved as fair, reasonable and adequate.

4. A Provisional Class (the "Class") is conditionally certified consisting of:

> All persons who purchased or otherwise acquired the publicly traded debt or equity securities of Boston Chicken, Inc. ("BCI"), between February 6, 1995, and October 4, 1998, inclusive. Excluded from the Class are the Defendants, members of the immediate family of the BCI Individual Defendants, any entity in which any Defendant has a controlling interest, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. Specifically included in the Class are any and all mutual or other investment funds established or offered by the Underwriter Defendants or their affiliates, that have acquired the publicly traded debt or equity securities of BCI during the time period noted.

5. Albion Financial, L.L.C., Linda Corray, Gordon Gaebler, Ira Graegerman, Leonard Hoffman, Mark and Debbie Katz, Tom Krzesinski, Alf and Marianne Silkeberg, Teachers' Retirement System of Louisiana and Raymond Wilkes are preliminary approved as representatives of the Class.

6. Steve W. Berman, Esq., and Erin K. Flory, Esq., of Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, Washington 98101, and Sherrie R. Savett, Esq., and Lawrence Deutsch, Esq., of Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania 19103 are preliminary approved as counsel for the Class.

- 3 -

7. A Hearing shall be held before this Court on **June 15, 2006, at 1:30 p.m.** in courtroom A902, of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294 to determine:  (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; (ii) whether the Class should be certified and the Plaintiffs approved as representatives of the Class; (iii) whether an order approving the Settlement and a Final Judgment should be entered thereon dismissing the Litigation against the Settling Defendants on the merits and with prejudice and finding that the parties and their counsel have complied with Federal Rule of Civil Procedure 11(b) with respect to all complaints, responsive pleadings, and dispositive motions; (iv) whether the proposed Plan of Allocation, as defined in the Stipulation, is fair and reasonable; (v) whether the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses is reasonable and should be approved; and (vi) whether the Plan of Allocation should be approved.

8. The Notice of Class Action and Hearing on Proposed Settlement (the "Notice") (attached at Exhibit A-1), the Summary Notice (the "Summary Notice") (attached at Exhibit A-2), and the Proof of Claim and Release form (attached at Exhibit A-3), reasonably inform the Class of the pendency and nature of this Litigation, and of the terms of the proposed Settlement and the Class Members' rights with respect to them.  Except as modified by this order, these documents are approved by the Court as to form and content.  Plaintiffs' Counsel are authorized to issue such Notices and Proofs of Claim, in substantially their present form, to those members of the Class that can be identified through reasonable effort.

9.  Plaintiffs' Counsel are hereby authorized to retain the firm of Heffler, Radetich & Saitta, LLP, to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a.  Not later than 30 days from the date hereof, Plaintiffs' Counsel shall cause a copy of the Notice and the Proof of Claim and Release to be mailed by first-class mail to all those members of the Class who can be identified through reasonable effort.  The date that such initial mailing is completed shall be referred to as the "Notice Date."  Plaintiffs' Counsel shall also rely on information already developed in separate settlement proceedings in the Litigation, as well as on information available from Depository Trust Corporation ("DTC") reflecting institutional investors and brokerage and securities firms who participate in DTC and who held BCI equity or debt securities on the last day of the Class Period.

b.  Nominees who purchased BCI equity or debt securities during the Class Period also will be requested to send the Notice and Proof of Claim and Release to all beneficial owners within 10 days after receipt of the Notice or, if they have not already done so, to send a list of the names and addresses of the beneficial owners to the Claims Administrator within 10 days of receipt of the Notice.  Class Counsel or the Claims Administrator shall furnish, upon the request of any nominee, copies of the Notice and Proof of Claim and Release for mailing to beneficial owners of BCI securities.  Class Counsel shall offer to reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred but for the sending of such notice, subject to further order of the Court with respect to any dispute concerning such compensation.  In those cases where a nominee elects to provide a list of names and addresses of Persons for whom the

nominee purchased or acquired BCI securities during the Class Period, Class Counsel or their designee shall, upon receipt of the list, cause to be mailed a copy of the Notice and Proof of Claim and Release to each Person on the list.

   c. Not later than 20 days after the Notice Date, Plaintiffs' Counsel shall publish the Summary Notice once in the national edition of *The Wall Street Journal* and once in *The Denver Post.*

   d. Plaintiffs' Counsel shall serve on counsel for the Settling Defendants and file with the Court proof, by affidavits or declarations, of the mailing of the Notice and publication of the Summary Notice, including the names and addresses to which the Notice was mailed.

  10. The Court finds that the mailing and publication ordered herein constitute the best and most practicable notice to members of the Class under the circumstances and is due and sufficient notice of the hearing, proposed Settlement, application for an award of Attorneys' Fees and Expenses, the Plan of Allocation, and other matters set forth in the Notice to all Persons entitled thereto and that the Notice fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and any other applicable law.

  11. All reasonable and necessary costs incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid from the Notice and Administration Account as set forth in the Stipulation. Any Party to the Stipulation may apply to the Court for an increase in that portion of the Settlement Fund to be used to pay Notice and Administration Expenses.

  12. Only the Class Members who complete and submit a valid and timely Proof of Claim and Release in accordance with the instructions contained therein, or who have submitted a valid and timely Proof of Claim and Release in connection with either

or both of the prior settlements with the Settled Defendants and do not submit a timely and valid Request for Exclusion, as defined below, from the present Settlement, shall be entitled to receive any distribution from the Settlement Fund. All Proofs of Claim must be postmarked or received no later than 120 days from the Notice Date.

13. All members of the Class shall have the option to be excluded from the Class and thereby elect not to participate in the Settlement Fund. Such exclusion shall be exercisable by mailing a timely and valid Request for Exclusion to:

> BCI Securities Litigation Claims Administrator
> P.O. Box 750
> Philadelphia, PA 19105-0750
> Telephone: 1-800-335-2852

To be effective, the Request for Exclusion must be postmarked on or before 15 days before the date of the Hearing set forth in the Notice. Such Request for Exclusion shall set forth: (i) the name, address, Social Security or Employer Identification number of the Person seeking exclusion; (ii) the name and address of the Person in whose name the shares were registered (if different from the foregoing); (iii) the number and type of BCI securities purchased and sold, if applicable; (iv) the dates of all such trades; (v) the price paid for and the proceeds received, if any, from sale of such securities; and (vi) furnish written confirmation of each such transaction. All Persons who submit (and do not timely withdraw) valid and timely Requests for Exclusion from the Class shall not be Class Members and shall have no rights with respect to the Settlement and have no interest in the Settlement Fund. All Requests for Exclusion must be signed by or on behalf of the person or entity requesting exclusion and must clearly state the intention to be excluded from the Class.

14. All members of the Class who have not submitted timely and valid Requests for Exclusion, whether or not they timely submit a Proof of Claim and Release within the time provided for, and whether or not they participate in the Settlement Fund, shall be

bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable, and shall be barred from asserting any Settled Claims.

15. Pending final determination of whether the Settlement should be approved, neither the Plaintiffs nor any Class Member either directly, derivatively, in a representative capacity, or in any other capacity, shall commence, maintain, prosecute, or assist any other Person with any action or proceeding, other than this Litigation, in any court or tribunal against any of the Settling Defendants or any Released Party, asserting any of the Settled Claims, as those terms are defined in the Stipulation.

16. All members of the Class may enter appearances in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will continue to be represented by Steve W. Berman, Esq., Hagens Berman Sobol Shapiro LLP, 1301 Fifth Avenue, Suite 2900, Seattle, WA 98101 (co-lead counsel); Sherrie R. Savett, Esq., Berger & Montague, P.C., 1622 Locust Street, Philadelphia, Pennsylvania 19103 (co-lead counsel); and Robert J. Dyer III, Esq., of Dyer & Shuman LLP, 801 E. 17th Avenue, Denver, Colorado 80218-1417 (liaison counsel).

17. Any member of the Settlement Class who has not properly submitted a Request for Exclusion may object to or challenge the fairness, reasonableness or adequacy of the Settlement.  Any objections to (i) the proposed Settlement and the entry of the Final Judgment approving the Settlement, or (ii) the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses, shall be heard and any papers submitted in support of these objections shall be received and considered by the Court at the hearing (unless, in its discretion, the Court shall direct otherwise) only if Persons making objections shall file, on or before 15 days before the Settlement Hearing, notice

of their intention to appear and copies of any papers in support of their position, as well as proof that he or she is a member of the Class, with the Clerk of the United States District Court for the District of Colorado, The United States Courthouse, 901 19th Street, Denver, Colorado 80294, and serve copies of such notice and papers by hand or first-class mail on co-lead counsel for the Class:

> Sherrie R. Savett
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, PA  19103

> Steve W. Berman
> HAGENS BERMAN SOBOL SHAPIRO LLP
> 1301 Fifth Avenue, Suite 2900
> Seattle, WA  98101

and on counsel for Stephens and Beck:

> Martin Glenn
> O'Melveny & Myers LLP
> Times Square Tower
> 7 Times Square
> New York, NY  10036

18. A Settlement Class member who submits a Request for Exclusion may not object to the Settlement.  By filing an objection, a Class Member submits to the jurisdiction of the Court, and the decisions and Final Judgment of the Court shall be binding.  Any member of the Class who does not object in this manner shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement to any Final Judgment that may be entered, to the award of Attorneys' Fees and Expenses to Plaintiffs' Counsel, and to the Plan of Allocation.

19. The Claims Administrator shall notify, *via* facsimile and U.S. mail, the above counsel of each Request for Exclusion contemporaneously with receipt.

20. All papers in support of the Settlement and any application for Attorneys' Fees and Expenses shall be filed at least six business days before the hearing.

21. The hearing may, from time to time, and without further notice to the Class, be continued or adjourned by Order of the Court.

22. Upon the Effective Date, each of the Plaintiffs and each member of the Class, on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other Person or entity having any legal or beneficial interest in BCI equity or debt securities purchased, received or sold by any member of the Class during the Class Period, shall be deemed to have fully, finally, unconditionally and forever released, acquitted, settled and discharged Stephens, Beck and the other Released Parties, from and with respect to the Settled Claims, whether or not such member of the Class executes and delivers a Proof of Claim or participates in the Settlement Fund.

23. Upon the Effective Date, each of the Plaintiffs and each member of the Class, and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, administrators and any other Person or entity having any legal or beneficial interest in BCI equity or debt securities purchased, received or sold by any member of the Class during the Class Period, will be forever barred and enjoined from commencing, instituting or prosecuting in any court of law or equity, arbitration tribunal, or administrative forum, directly, representatively, or derivatively any of the Settled Claims or any action or other proceeding against Stephens, Beck or the other Released Parties with respect to, based on, arising from, or for the Settled Claims.

24. Upon the Effective Date, the Plaintiffs and each member of the Class, on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors,

trustees, administrators and any other person or entity having any legal or beneficial interest in BCI debt or equity securities purchased, received or sold by any member of the Class during the Class Period, who have not submitted timely and valid Requests for Exclusion, whether or not they timely submit a Proof of Claim and Release, and whether or not they participate in the Settlement Funds, shall be deemed unconditionally and forever to have released and discharged Plaintiffs and Plaintiffs' Counsel from all claims, liabilities and causes of action in connection with Plaintiffs' institution, prosecution, assertion, or resolution of the Litigation or the Settled Claims.

25.  Upon the Effective Date, Stephens, Beck and all other Released Parties shall be deemed to have released the Plaintiffs and Plaintiffs' Counsel from those claims or potential claims against Plaintiffs and Plaintiffs' Counsel that are based upon or arise out of the institution, prosecution, assertion or resolution of this Litigation and Settled Claims; provided, however, that such releases shall not extend to claims arising out of any violations of the Stipulation or any violations of the Confidentiality Orders entered in the Litigation.  The Settling Defendants on behalf of themselves and each of their predecessors, Successors in Interest, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, or administrators, shall be forever barred and enjoined from commencing, instituting or prosecuting any claims, liabilities, and causes of action in connection with Plaintiffs' institution, prosecution, assertion or resolution of the Litigation or the Settled Claims against Plaintiffs and Plaintiffs' Counsel; provided, however, that such bar shall not extend to claims arising out of any violations of the Stipulation or any violations of the Confidentiality Orders entered in the Litigation.

26.  (a)  Upon the Effective Date, the Settled Defendants, the Settling Defendants, Saad Nadhir and their Successors in Interest shall be barred and

permanently enjoined, whether directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute any claim for indemnity or contribution against Stephens and/orBeck (or any other claim against Stephens and/or Beck where the injury to any of the Settled Defendants, the Settling Defendants, Saad Nadhir or their Successors in Interest is the liability of any of the Settled Defendants, the Settling Defendants, Saad Nadhir or their Successors in Interest to any of the Plaintiffs or any member of the Class), arising out of or reasonably flowing from the claims or allegations in the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Litigation, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere.

      (b)    Upon the Effective Date, the Settling Defendants and their Successors in Interest shall be barred and permanently enjoined, whether directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute any claim for indemnity or contribution against Nadhir (or any other claim against Nadhir where the injury to any of the Settling Defendants or their Successors in Interest is the liability of any of the Settling Defendants or their successors in interest to any of the plaintiffs or any member of the Class), arising out of or reasonably flowing from the claims or allegations in the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Litigation, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere.

27. (a) Upon the Effective Date, for the purpose of effectuating the Parties' intention to protect the Settling Defendants from claims or claims-over of third parties arising out of the Settled Claims, the Court shall enter an order that:

(i) Bars and permanently enjoins all Persons with the exception of BCI, the BCI Affiliates and the Plan Trustee but including without limitation the Settled Defendants, the Settling Defendants, Saad Nadhir and their Successors in Interest, either directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute, any action, claim or claim-over –

(ii) Dismisses with prejudice and without costs any claims or claims-over asserted or deemed asserted by any Persons with the exception of BCI, the BCI Affiliates and the Plan Trustee but including without limitation the Settled Defendants, the Settling Defendants, Saad Nadhir and their Successors in Interest – against Stephens or Beck on whatever theory (whether by way of third- or subsequent-party complaint, cross-claim, separate action or otherwise, and whether under federal or state law) to recover in whole or in part any liability, direct or indirect, of such Person to any Class Member in connection with, arising out of, or that is in any way related to, the Settled Claims.

(b) Upon the Effective Date, the Court shall also enter an order that:

(i) Bars and permanently enjoins Stephens and Beck and their Successors in Interest, either directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute, any action, claim or claim-over –

(ii) Dismisses with prejudice and without costs any claims or claims-over asserted or deemed asserted by Stephens or Beck – against Nadhir on whatever theory (whether by way of third- or subsequent-party complaint, cross-claim, separate action or otherwise, and whether under federal or state law) to recover in whole or in part any liability, direct or indirect, of Stephens or Beck to any Class Member in connection with, arising out of, or that is in any way related to, the Settled Claims.

28. Upon the Effective Date, no Person other than Plaintiffs, members of the Class or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund or Net Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

29. In the event that the Settlement is disapproved, canceled or terminated in accordance with the terms of the Stipulation, then the Stipulation shall have no force or effect, and all negotiations, proceedings and statements made in connection therewith shall be without prejudice to the right of any Persons, and the Plaintiffs and Stephens shall be restored to their respective positions existing as of March 31, 2003, the date that Plaintiffs and Stephens executed their Memorandum of Understanding ("Stephens MOU"), and the Plaintiffs and Beck shall be restored to their respective positions existing as of May 25, 2004, the date that Plaintiffs and Beck executed their Memorandum of Understanding ("Beck MOU"); provided however, that the Notice and Administration Expenses incurred but not yet paid shall be paid out of the Notice and Administration Fund as provided above; and provided further that the provisions of ¶¶ VII(E), (G)(19), and (K) shall continue to apply.

30. Only members of the Class shall have any rights with respect to approval of or objection to the Settlement, the Plan of Allocation or Plaintiffs' Counsel's request for Attorneys' Fees and Expenses. If a member of the Class seeks to appeal any decision with respect thereto, or of any part thereof, such Class member must formally intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

31. Plaintiffs and their agents and counsel will not assist any other Person in making any claims against the Settling Defendants arising out of their services for BCI or the conduct at issue in the Litigation, except as required by law.

32. Pending final determination of whether the Settlement should be approved, all discovery between any Settling Parties and all proceedings in the Litigation are stayed to the extent they directly involve Stephens or Beck, except for proceedings relating to the Settlement.

DATED at Denver, Colorado, on March 20, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge