**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 97-cv-1308-WDM-PAC (Consolidated with cases numbered:  97-cv-1435-WDM-PAC,  97-cv-1446-WDM-PAC,  97-cv-1514-WDM-PAC,  97-cv-1562-WDM-PAC,  97-cv-1574-WDM-PAC, 97-cv-1609-WDM-PAC, 97-cv-1610-WDM-PAC, 97-cv-1619-WDM-PAC, 97-cv-1644-WDM-PAC, 97-cv-1680-WDM-PAC, 97-cv-1701-WDM-PAC, 97-cv-1711-WDM-PAC, 97-cv-1731-WDM-PAC, 97-cv-1812-WDM-PAC, 97-cv-1815-WDM-PAC, 97-cv-1822-WDM-PAC, 97-cv-1838-WDM-PAC,  97-cv-1891-WDM-PAC,  97-cv-1997-WDM-PAC,  97-cv-2321-WDM-PAC, and 98-cv-498-WDM-PAC)

*In re* BOSTON CHICKEN, INC. SECURITIES LITIGATION

---

**ORDER APPROVING DISTRIBUTION OF SETTLEMENT
FUNDS TO VALID CLAIMANTS, ALLOWING LATE-FILED
CLAIMS AND DISALLOWING REJECTED CLAIMS**

---

Upon consideration of: (i) Plaintiffs' Unopposed[1] Motion for an Order Approving Distribution of Settlement Funds to Valid Claimants, Allowing Late-Filed Claims and Disallowing Rejected Claims  (the "Distribution Motion"); (ii) the Amended Stipulations of Settlement dated July 30, 2001 ("the Amended Stipulations" and/or "the Underwriters Settlement" approved by the Court in its Final Judgment and Order of Dismissal with Prejudice of All Claims dated February 26, 2002; and (iii) the Updated Stipulation of Settlement dated June 2, 2005 ("the Updated Stipulation" and/or "the Settling Defendants Settlement") approved by the Court in its Final Judgment and Order of Dismissal With Prejudice of All Claims dated July 31, 2006, it is hereby ORDERED as follows:

---

[1] Plaintiffs' lead counsel represented that, after notice, no defendant objected to Plaintiffs' motion.

1. The procedures used and actions taken by the Claims Administrator, Heffler, Radetich & Saitta L.L.P. (the "Heffler firm"), and Plaintiffs' Counsel for the administration of the Settlements are hereby adjudged to have been proper and complete, and the Court hereby approves the administrative determinations of the Heffler firm in accepting and rejecting claims filed in this matter.

2. The Court hereby approves the valid, documented claims identified in the list of Payable Claims, attached as Exhibit B to the Distribution Motion. These claims include totally valid claims, as well as the valid portions of partially valid claims, of both timely-filed and late-filed claims (the "Authorized Claimants").

3. The Court hereby affirms the Heffler firm's rejection of the claims identified in the list of Non-Payable Claims, attached as Exhibit C to the Distribution Motion.

4. For purposes of this distribution, the Underwriters Settlement Fund and the Settling Defendants Settlement Fund shall be combined into one combined "Net Settlement Fund." Regardless of whether an Authorized Claimant submitted a valid Proof of Claim form in response to the Underwriters Settlement or the Settling Defendants Settlement, all Authorized Claimants shall be considered to have filed a claim against the combined Net Settlement Fund, and shall be bound by all prior Orders and Final Judgments of the Court, including any Orders applying to either the Underwriters Settlement or the Settling Defendants Settlement.

5. Plaintiffs' Counsel and the Heffler firm are directed to distribute the balance of the Net Settlement Fund to the Authorized Claimants, in accordance with the Plan of Allocation approved by the Court in its February 26, 2002 Order in connection with the Underwriters Settlement and again approved in its July 31, 2006 Order in connection with the Settling Defendants Settlement, subject to the revision approved in paragraph 4, above. Each Authorized

Claimant shall receive his/her/its proportionate share of the Net Settlement Fund calculated by the Heffler firm and based on his, her or its Recognized Loss compared to the total Recognized Losses of all Authorized Claimants.

6. The Court directs that the checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Fund more than 200 days after the date of the check. Plaintiffs' Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

7. The Court also finds that, one year after the initial distribution of the Net Settlement Fund to the Authorized Claimants, it will be appropriate for the Heffler firm to destroy all claim forms and related correspondence. The Heffler firm shall, however, retain all other administrative records, including copies of the list of Payable Claims and the list of Non-Payable Claims and the computer database used to create these lists, for a period of three years after the initial distribution of the Net Settlement Fund to the Authorized Claimants.

8. The Heffler firm, Plaintiffs, Plaintiffs' Counsel and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "Released Persons"), and all Class Members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the Released Persons beyond the amount allocated to them by the Heffler firm pursuant to this Order.

- 4 -

9. The Court retains jurisdiction over any further matter which may arise in connection with this action.

**IT IS SO ORDERED.**

DATED at Denver, Colorado, on August 14, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge